# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### CA 03-1068
**consolidated with**
### CA 03-1069, CA 03-1070, CA 03-1071, CA 03-1072

**EDWARD TRENT, JR., INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF HIS MINOR CHILD, BRANDON WILLIAMS, and SANDY ANN JACKSON TRENT, INDIVIDUALLY**

**VERSUS**

**PPG INDUSTRIES, INC., OLIN CORPORATION, ARCO CHEMICAL CORPORATION, LYONDELL CHEMICAL WORLDWIDE, INC., AND AUGER SERVICES, INC.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 99-8503
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\*\***
**ARTHUR J. PLANCHARD,**
**JUDGE PRO TEMPORE**
**\*\*\*\*\*\*\*\*\*\***

Court composed of Billie Colombaro Woodard, Elizabeth A. Pickett, and Arthur J. Planchard, Judges.

**AFFIRMED.**

**Tina Louise Wilson Esq.**
**Cox, Cox, Filo & Camel**
**723 Broad Street**
**Lake Charles, LA 70601**
**Counsel for Plaintiff/ Appellant:**
   **Edward Trent, Jr., individually& as**
   **admin. of the estate Brandon Williams &**
   **Sandy Ann Jackson Trent, individually**

**William B. Monk**
**David L. Morgan**
**Stockwell, Sievert, Viccellio,**
**Clements & Shaddock, L.L.P.**
**PO Box 2900**
**Lake Charles, LA 70602**
**Counsel for Defendant/Appellee:**
   **PPG Industries, Inc.**

PLANCHARD, Judge.

Plaintiffs, Edward Trent, Jr., individually and as administrator of the estate of his minor child, Brandon Williams, and Sandy Ann Jackson Trent, individually appeal a judgment of the trial court granting Summary Judgment in favor of Defendant, PPG Industries, Incorporated (PPG), finding PPG to be the statutory employer of Edward Trent, Jr. and dismissing Plaintiffs' suit in tort against PPG. We affirm the judgment of the trial court.

**FACTS AND PROCEEDINGS IN THE TRIAL COURT**

The facts and the proceedings in the trial court are set out in the trial court's written reasons for judgment. Although those reasons only address the claim of Edward Trent, Jr., that he should not be considered a statutory employee of PPG, the Plaintiffs in the consolidated cases all made identical claims. Thus, the written reasons, which we quote below, apply to all the Plaintiffs in all the cases:

WRITTEN REASONS FOR JUDGMENT

This matter is before the Court on Motion for Summary Judgment. On May 30, 2002, the defendant, PPG, filed this Motion for Summary Judgment. A hearing on the matter was held on July 26, 2002. At the conclusion of the hearing, the court gave the parties sixty days to present any additional evidence on the matter, including taking the depositions of PPG's affiants. Thereafter, the parties indicated that no new evidence would be introduced and the matter was then taken under advisement.

On or about October 29,1998 PPG and Ron Williams Construction Company (Ron Williams) executed a contract whereby Ron Williams agreed to install the foundation and structural steel for PPG in their construction of the Arco/Biolab Pipe Lines ("Pipeline"). Construction of the Pipeline began in December 1998. The plaintiff, Edward Trent, in this suit was a laborer employed directly by Ron Williams. Plaintiff claims that while in the course and scope of his employment with Ron Williams performing work on the Pipeline he was exposed to toxic fumes and vapors, specifically during late December 1998 and early January 1999. The plaintiff brought this suit to recover damages he allegedly suffered as a result of this exposure. PPG now brings this Motion for Summary Judgment on the basis that PPG was plaintiffs statutory employer and plaintiffs exclusive remedy against PPG is in Worker's Compensation pursuant to the contract of October 29, 1998. The plaintiff

1

asserts that PPG is not his statutory employer under the relevant statute and caselaw and further that the contract is questionable as to its validity.

The instant situation is governed by La R.S. 23:1061 as follows:

A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23: 1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

2

B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.

An addendum to the General Terms and Conditions for Construction Services which is incorporated by reference into the contract dated October 29, 1998 declares that a statutory, employer relationship will exist between PPG and employee of Ron Williams. Under Subsection A(3) of this statute, PPG is presumed to be the statutory employer of the plaintiff because there is a written contract between PPG and Ron Williams which recognizes this relationship. The plaintiff has asserted that this contract is invalid and further that the work done by Ron Williams is not an integral part of or essential to the ability of PPG to generate goods, products or services.

The plaintiff seeks to have this court declare the contract between PPG and Ron Williams invalid at least as to the provision concerning the statutory employer relationship. The basis of this request is that the format of the addendum is inconsistent with the remainder of the contract. The noted inconsistencies concern page numbering, font style and the title of the portion as an "Addendum to PPG Industries, Inc.'s General Terms and Conditions and Purchase Order Terms of Agreement, Dated August 14, 1998".

Generally the court may only look to the "four corners" of contract to construe the result of the contract. The court may only look to extrinsic evidence when there is an ambiguity in the language of the contract.

A contract has the effect of laws between the parties. La.Civ.Code art.1983. Courts are bound to enforce the contract as written. If the words of a contract are clear, explicit, and lead to no absurd results, it must be interpreted by reference to the "four corners" of the document and no further interpretation can occur in search of the parties' intent. La.Civ.Code art.2046; Whether the words of a contract are "clear and explicit" or ambiguous is a question of law. Therefore, the appellate review of such a legal question is constrained to a determination of whether the trial court's interpretation is legally correct or incorrect. *(Citations Omitted)*

Hebert v. Insurance Center. Inc.,1997-298 La.App. 3 Cir. 1/7/98, 706 So.2d 1007.

The ambiguity in this case is whether the parties intended the addendum to be a part of the contract. The title of the addendum is not clear and explicit and therefore the court must ascertain the common intent of the parties. La Civ. Code art. 2045. In this case, the parties to the contract, PPG and Ron Williams, have stated via affidavit that the statutory employer provisions contained in the addendum have always been a part of the contract

3

incorporated by reference through the general terms and conditions; incorporation of this provision was contemplated by the parties and was their intent. The plaintiff has not provided the court with any evidence that establishes a genuine issue of fact concerning the intent of the parties to this contract. Because the common intent of the parties is determinative of the interpretation of the contract and no issue of fact is present as to the intent of these parties, this court finds that the statutory employer provision is a valid part of the contract between PPG and Ron Williams.

According to the statute once a valid written contract is in place, a rebuttable presumption is created that a statutory employer relationship exists. The plaintiff must rebut this presumption with evidence that the work of Ron Williams is not an integral part of or essential to the ability of PPG to generate goods, products or services. Plaintiff asserts that construction of plant facilities is not part of the trade or business of PPG and therefore, the work done by Ron Williams is not an integral part of or essential to the ability of PPG to generate goods, products or services.

The key to this issue is whether or not the work done by Ron Williams is considered part of PPG's trade, business or occupation. This must be the case in order for the statutory employer relationship to exist. This requirement is defined by the last sentence of La RS. 23:1032(A)(1) which was added by amendment in 1997.

> For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

This sentence defines a term previously left to judicial interpretation. Only one reported court decision has applied this statute in its new amended form, Anplegarth v. Transamerican Refining, 00-1547 La. App. 5 Cir. 2/28/01, 781So.2d 804. The facts of Anpelgarth are almost identical to those of the instant case. The defendant, a refining company, moved for summary judgment based on the fact that he was the statutory employer of the plaintiff. The plaintiff, a laborer employed by a contractor, countered with the fact that his direct employer was in the business of construction and the defendant was not and therefore the presumption is rebutted under the statute. The court stated that the new construction of retaining walls and pipe racks for a pipeline are essential to the ability of the refinery to generate its goods, products or services and thus the plaintiff has failed to rebut the presumption. The trial court rejected this argument and granted the summary judgment, the court of appeal affirmed.

This court finds that the installation of the foundation and structural steel for a pipeline is essential to the ability of PPG to generate its goods, products or services and thus the plaintiff has failed to rebut the presumption established by the written contract. The plaintiff is the statutory employee of the defendant, PPG.

Conclusions

1.      The written contract between PPG and Ron Williams, including the provisions for statutory employer, is valid.

2.      Ron Williams' work for PPG constitutes an integral part of or essential to the ability of the PPG to generate goods, products, or services.

Therefore, the Motion for Summary Judgment is granted.

**LAW AND DISCUSSION**

In *Miller v. Martin*, 02-670, p. 5 (La. 12/8/03) 838 So.2d 761, 764, our supreme court reiterated the standard applicable to appellate review of cases decided by summary judgment stating:

> Appellate review of the granting of a motion for summary judgment is de novo. *Schroeder v. Bd. of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). A court may grant summary judgment that is "dispositive of a particular issue, theory of recovery, cause of action or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case." La. C.C.P. art. 966(E).

In *Maddox v. Superior Steel*, 00-1539, pp. 3-4 (La.App. 1 Cir. 9/28/01), 814 So.2d 569, 571-72 (footnote omitted), our brethren of the first circuit, facing a similar situation as we face in this case, stated:

> A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. *Sanders v. Ashland Oil, Inc.*, 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, *writ denied*, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966 B. Summary judgment is favored and "is designed to secure the just, speedy, and inexpensive determination of every action." La. Code Civ. P. art. 966 A(2).

The burden of proof on a motion for summary judgment is set forth in La. Code Civ. P. art. 966 C(2):

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

The initial burden of proof remains with the mover and is not shifted to the non-moving party until the mover has properly supported the motion and carried the initial burden of proof. Only then must the non-moving party "submit evidence showing the existence of specific facts establishing a genuine issue of material fact." *See Scott v. McDaniel*, 96-1509, p. 5 (La.App. 1 Cir. 5/9/97), 694 So.2d 1189, 1191-1192, *writ denied*, 97-1551 (La.9/26/97), 701 So.2d 991. If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La.Code Civ. P. arts. 966 and 967.

In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Sanders*, 96-1751 at 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in light of the substantive law applicable to this case. *Walker v. Phi Beta Sigma Fraternity (RHO Chapter)*, 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.

Louisiana Revised Statute 23:1031 provides for workers' compensation benefits to an employee who is injured by an accident "arising out of" and "in the course of" his employment. *Smith v. Continental Casualty Company*, 98-2896, p. 3 (La.App. 1 Cir. 2/18/00), 752 So.2d 381, 383, *writ denied*, 2000-0789 (La.4/28/00), 760 So.2d 1183.

Under certain circumstances, an owner or principal can be held liable to pay workers' compensation to an employee of a contractor he engages. These circumstances are set forth in La. R.S. 23:1061. However, under such circumstances, workers' compensation is the exclusive remedy of the contractor's employee held to be a statutory employee of the principal, and the principal is immune from tort liability. La. R.S. 23:1032. The determination of statutory employer status is a question of law for the court to decide.

*Lemaire v. CIBA-GEIGY Corporation*, 99-1809, p. 11 (La.App. 1 Cir. 6/22/01), 793 So.2d 336, 346.

On appeal, Appellant's argue that there are two issues of material fact that preclude the issue of summary judgment: (1) construction of the contract, and (2) the trial court's finding that building a pipe rack/pipe line was part of the Defendant's business.

On appeal, as it did at trial, Plaintiff seeks to have this court declare that the contract between RWC and PPG does not contain the requisite language granting PPG statutory employer status. Plaintiff argues that the addendum, which includes the required language, was not part of the original contract and was never intended to be part of the contract. Plaintiff points out the following to support his argument: it is not numbered sequentially, it is of a different font from the remainder of the contract, and it appears after several exhibits.

An addendum is something which is added, such as a section of added material. See Black's Law Dictionary 35 (5th ed. 1979). Thus, by its very nature, it would neither be numbered sequentially nor, necessarily, appear before other attachments to a contract. As to the font used in the addendum, "Louisiana jurisprudence has favored the typewritten provisions of a contract over a printed provision of a contract when there is a conflict between the two." *Poissenot v. Guildcraft Homes, Inc.*, 394 So.2d 660, 661 (La.App. 1 Cir. 1980), *citing Executive House Bldg., Inc. v. Optimum Systems Inc.*, 311 So.2d 604 (La.App. 4th Cir.), *cert. denied* 313 So.2d 847 (La.1975). Although we find no conflict between the contract and the addendum, the fact that the font in the original contract and that of the addendum is different would make us more inclined to give more weight to the addendum.

Additionally, it is black letter law that "[t]he judiciary's role in interpreting . . . contracts is to ascertain the common intent of the parties to the contract. *See* La.Civ.Code art. 2045; *Carbon* [*v. Allstate Ins. Co.*, 97-3085, p. 4 (La.10/20/98), 719 So.2d 437, 439]

7

. . . ; *Louisiana Ins.* [*Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763]." *Cadwallader v. Allstate Ins. Co.*, 02-1637, p. 5 (La. 6/27/03), 848 So.2d 577, 580. Generally, the court looks to the four corner of the contract to ascertain its intent. However,

> When the terms of a written contract are susceptible to more than one interpretation, or there is *uncertainty* or ambiguity as to its provisions, *or the intent of the parties cannot be ascertained from the language employed ...*" *parol evidence is admissible to* clarify the ambiguity and *show the intention of the parties. Dixie Campers, Inc. v. Vesely Co.*, 398 So.2d 1087, 1089 (La.1981); *Security Center Protection Services, Inc. v. Lafayette Sec. & Electronic Systems, Inc.*, 95-CA-693 (La.App. 5th Cir. 1/17/96), 668 So.2d 1156, 1159-1160; *Peyton Place, Condominium Ass'n, Inc. v. Guastella*, 95-396 (La.App. 5th Cir.1/17/96), 668 So.2d 1174, 1178.

*J. Caldarera & Co. v. Louisiana Stadium and Exposition Dist.*, 98-294, p. 5 (La.App. 5 Cir. 12/16/98), 725 So.2d 549, 551 (emphasis added).

In the case sub judice, PPG included, with its motion for summary judgment, the affidavits of Brandt Smith, the Chief Operating Officer of RWC, and that of Richard P. Andersen, the Manager of Purchasing for Defendant, PPG. Both men professed intimate familiarity with the contract between their respective companies and both agreed that the addendum adding the statutory employer provisions to the contract between the parties was meant to be part of the contract and reflected the true intent of the parties.

In response to PPG's motion and exhibits, Plaintiff submitted no evidence showing the existence of specific facts which would establish a genuine issue of material fact.

Accordingly, we find this argument to be without merit.

As to the second issue, we find Appellant's argument that the construction work being undertaken by Ron Williams Construction (RWC) was not part of Defendant's business also to be without merit. This argument would have been more forceful under La.R.S. 23:1061 before it was amended in 1997, however as the trial court pointed out the last sentence of section (A)(1) of the amended statute states:

For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

Additionally, section (A)(3)(emphasis added) provides as follows:

Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. *When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees.* This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

According to the affidavit of Joseph Ottenweller, the Project Engineer for PPG, the construction undertaken by RWC was in connection with the building of a pipeline connecting PPG to several neighboring industrial plants, including that of Defendant, Lyondell Chemical Company (successor to Lyondell Chemical Worldwide, Inc. and ARCO Chemical Company) and Biolab, Inc. The purpose of said pipeline was to allow PPG to sell products produced at its plant to the several companies connected by the pipeline.

Plaintiff, in the case sub judice, was working on a pipeline which would facilitate the sale of PPG's products to its nearby customers. The sale of its products was essential to PPG's business and was, without a doubt an essential part of its trade and integrally related to PPG's business. Thus, we find, as did the trial court, that Plaintiff failed to bring forth any evidence which would rebut the presumption that he was a statutory employee of PPG.

Accordingly, for the reasons stated above, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Appellants.

**AFFIRMED.**