887 So.2d 613 (2004)
Robert SMITH
v.
MARATHON ASHLAND PETROLEUM LLC, Larry Echelber, XYZ Insurance Company, Harmony Corporation a Subsidiary of and/or Turner Industries, Ltd, Gary Doe, DEF Insurance Company, GHI Insurance Company and JKL Insurance Company.
No. 04-CA-517.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 2004.
John J. Finckbeiner, Jr., Chalmette, LA, for Plaintiff/Appellant.
William D. Wellons, Donna M. Young, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, CLARENCE E. McMANUS.
*614 JAMES L. CANNELLA, Judge.
The Plaintiff, Robert Smith (Smith), appeals from the summary judgment rendered in favor of the Defendants, Marathon Ashland Petroleum LLC (Marathon) and Larry Echelberger (Echelberger), finding that Marathon was a statutory employer. For the reasons which follow, we affirm.
Marathon contracted with Koch TPA, Inc. (Koch) to construct a new sulfur processing facility at Marathon's refinery. Koch in turn entered into a subcontract with Harmony Corporation (Harmony) and Harmony entered into a subcontract with Basic Industries (Basic) to perform part of the same work. Smith was an employee of Basic, injured on September 25, 2000, while working on the Marathon project.
On September 25, 2001, Smith sued Marathon, its Division Manager, Echelberger, Harmony[1] and a number of fictitiously identified insurance companies alleged to have provided insurance coverage for Smith's injuries. On March 7, 2003, Marathon and Echelberger filed a motion for summary judgment, statement of uncontested facts and memorandum in support of the motion on the grounds that Smith's sole remedy was in Worker's Compensation. On December 8, 2003 Harmony filed a similar summary judgment motion. The motions for summary judgment were heard on January 23, 2004 and taken under *615 advisement. On February 5, 2004, Smith voluntarily dismissed Harmony, reserving his rights against Marathon and Echelberger. On February 12, 2004, the trial court rendered summary judgment in favor of the Defendants, Marathon and Echelberger. In her reasons for judgment the trial judge found Marathon to be a statutory employer both under the two contract theory and as per the contractual language in the contracts entered into between the parties. It is from this judgment that Smith appeals.[2]
On appeal, Smith first makes an evidentiary argument, arguing that the trial court erred in considering evidence not properly before the trial court, more specifically, the contract between Harmony and Basic. Smith argues that, because the exhibits in support of the motion for summary judgment were attached to the defense memorandum and not offered into evidence, they should not have been considered by the court.
Marathon disputes Smith's allegations contending that the exhibits were attached to the Motion for Summary Judgment, presented to the trial court, referred to by name in argument, directing the trial court to language in the contracts and were placed in the record, all without objection. Moreover, Marathon points out that they submitted a Statement of Uncontested Material Facts specifically referencing the documents and Smith did not object to the statement of facts. Marathon argues, therefore, that the contracts were properly considered by the trial court.
The record indicates that the Motion for Summary Judgment, the Memorandum in Support of the Motion and the Exhibits were all filed at the same time and made part of the record. The contracts were referred to and relied on by Marathon during argument on the motion without objection. The trial judge was referred to the exhibits during the argument and considered them during the hearing, without objection. Moreover, counsel for Smith also referred to the exhibits during his argument in opposition to the motion for summary judgment. Given the fact that both parties referred to the exhibits during the argument on the motion, the trial court viewed and considered the documents without objection, the exhibits are part of the record, and any objection to the exhibits is being raised for the first time on appeal, we find no merit in Smith's argument. The exhibits, consisting of the contracts between Marathon, Koch, Harmony and Basic, were properly considered by the trial court and will be considered by this Court on appeal.
Next, Smith argues that the trial court erred in granting the summary judgment based on its finding of a statutory employer/employee relationship between Smith and Marathon. Smith argues that the relationship between Smith and Marathon does not fit the definition of a statutory employer/employee under either the "two-contract" theory or as provided in the contracts between the parties.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327 (La. App. 5th Cir. 04/25/00), 761 So.2d 84, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544; Moody v. United Nat. Ins. Co., 98-287 (La.App. 5th *616 Cir.9/29/98), 743 So.2d 680. Thus, this court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191; Smith, supra. Moreover, the summary judgment procedure is favored, and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Magnon v. Collins, supra.
La. R.S. 23:1061, on principal liability, provides as follows:
A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.
(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.
(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.
B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
The statutory scheme provides two methods by which a principal can establish the statutory relationship and thus tort immunity: (1) under the "two-contract" theory and (2) where the contract provides *617 for a statutory relationship a rebuttable presumption is created. The presumption may be rebutted by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.
In reviewing this case we find that the Marathon-Koch contract, the Koch-Harmony contract and the Harmony-Basic contract all possess the requisite statutory employer language necessary to satisfy the requirements of La. R.S. 23:1061(A)(3). More specifically, the contract between Marathon and Koch provided in paragraph 22.5 as follows:

Work Performed in Louisiana  This Article 22.5 shall apply only to work performed in the State of Louisiana. For purposes of the Louisiana Workers' compensation Law, La. R.S. 23:1021 et seq., the parties agree that the work performed by contractor and its employees pursuant to the contract are an integral part of and are essential to the ability of company to generate company's goods, products and services, and that contractor's work and services shall be considered part of company's trade, business, and occupation, for purposes of La. R.S. 23:1061(A) only. Irrespective of company's status either as the statutory employer or as the special employer (as defined in La. R.S. 23:1031(C)) of contractor's employees, regardless of any other relationship or alleged relationship between the parties employees, contractor shall be and remain at all times primarily responsible for the payment of Louisiana Workers' Compensation Benefits to its employees, and neither contractor nor its underwriters shall be entitled to seek contribution for any such payments from company.:
The contract between Koch and Harmony provided the exact same language as that contained in the Marathon-Koch contract. The contract between Harmony and Basic provided:
To the maximum extent permitted by law, Subcontractor [Basic] and Contractor [Harmony] contemplate that Contractor and Owner [Koch and Marathon] shall be considered the statutory employer of any and all of Subcontractor's employees hired or retained in any manner by Contractor while Contractor's and/or any such Subcontractor's employees are performing work and/or services under this contract between Owner and Contractor in the state of Louisiana (Ref. Art 315, La. R.S. 23:1032(A)(2) effective June 17, 1997).[3]
A contract has the effect of law between the parties. La. C.C. art. 1983. If the words of a contract are clear, explicit, and lead to no absurd results, they must be interpreted by reference to the four corners of the document and enforced as written. La. C.C. art. 2046; LeBlanc v. Babin, 00-1813 (La.App. 5th Cir.4/24/01), 786 So.2d 850, 855. On review we find the words and intent of these provisions clear and unambiguous, creating a statutory employer/employee relationship between Marathon and Smith, a Basic employee.
According to the statute, once it is found that a valid written contract establishes a statutory employer relationship, there is a rebuttable presumption between the principal and the contractor's employee that can only be overcome by showing that the work is not an integral part of or essential to the ability of the principal to generate *618 that principal's goods, products, or services. La. R.S. 23:1061(A)(3). Smith argues that the work under contract was for the construction of a sulfur plant and that Marathon was not engaged in this kind of work at the time of the injury.
Marathon argues to the contrary that the contracted for work being performed by Smith as a Basic employee was an integral part of or essential to the ability of Marathon to generate its goods, products, or services. Marathon operated a refinery which was constantly undergoing change and updating its facility. The construction of a sulfur plant was a necessary update for Marathon to continue to produce petroleum products from crude oil.
Smith counters that the sulfur plant may in the future be an integral part of or essential to the ability of Marathon's refinery, but at the time of the accident, it was not. In other words, the construction being done at the time of the accident was in the nature of new construction which is not covered by the statute.
Prior to the 1997 amendment to La. R.S. 23:1061, new construction was not considered an integral part of a principal's business. However, this Court has had occasion to reconsider this issue subsequent to the amendment and has determined that the legislature intended that new construction come within the section and be considered an integral part of or essential to the ability of the principal to generate its goods, products, or services. Applegarth v. Transamerican Refining Corp., 00-1547 (La.App. 5th Cir.2/28/01), 781 So.2d 804, writs denied, 01-0834 (La.5/11/01), 792 So.2d 738. We note further that Applegarth has been followed by our brethren on the Third Circuit where they likewise held that new construction was an essential part of the principal's ability to generate its goods, products or services. Trent v. PPG Industries, Inc., 03-1068 (La.App. 3rd Cir.2/4/04), 865 So.2d 1041. Thus, because Smith failed to rebut the presumption of statutory employee established by the clauses in the contracts between the parties, and upon finding no material issues of fact and that Marathon is entitled to judgment as a matter of law, we find that the summary judgment was properly granted.[4]
Accordingly, for the reasons stated above, the summary judgment rendered in favor of Marathon and Echelberger and against Smith is affirmed. Costs of appeal are assessed to Smith.
AFFIRMED.
NOTES
[1] Another Defendant, Turner Industries, was also named in the original suit but dismissed shortly thereafter.
[2] Smith concedes that if the judgment is proper as to Marathon it would be proper as to Echelberger, therefore, the arguments herein applicable to Marathon will be held to apply to Echelberger also.
[3] The first page of the Harmony-Basic contract provided that Harmony would be referred to as the Contractor, Basic as the Subcontractor and Koch and Marathon as the Owner.
[4] Based on our determination regarding the contractual provisions, the presumption and the lack of a rebuttal, we find it unnecessary to address Smith's arguments regarding the two-contract theory.