# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**06-568**


**DELTON AUGUSTINE, JR.**

**VERSUS**

**JOHNNY GRIFFIN, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 04-6014
HONORABLE MARK JEANSONNE, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*


**SYLVIA R. COOKS**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.


**AFFIRMED.**

**John T. Bennett**
**John T. Bennett Law Offices**
**P.O. Box 275**
**Marksville, LA  71351**
**(318) 253-4631**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    Delton Augustine, Jr.

**S. Aaron Siebeneicher**
**Johnson & Siebeneicher, Inc.**
**P.O. Box 648**
**Alexandria, LA  71309**
**(318) 484-3911**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Republic Vanguard Insurance Company

**Michael W. Adley**
**Judice & Adley, APLC**
**P.O. Drawer 51769**
**Lafayette, LA 70505-1769**
**(337) 235-2405**
**COUNSEL FOR DEFENDANT/APPELLEE**
 **M&C Insurance, Inc.**

**Michael J. Juneau**
**Sue Nations**
**Juneau Law Firm, APLC**
**1018 Harding Street, Suite 202**
**P.O. Drawer 51268**
**Lafayette, LA 70505-1268**
**(337) 269-0052**
**COUNSEL FOR DEFENDANT/APPELLEE**
 **National Union Fire Insurance Company of Pittsburgh**

**COOKS, Judge.**

Defendant-appellant, Republic Vanguard Insurance Company, appeals the trial court's judgment granting the motions for partial summary judgment filed by M&C Insurance, Inc. and National Union Fire Insurance Company of Pittsburgh, PA and dismissing Republic's third-party demand with prejudice. For the following reasons, we affirm.

## ANALYSIS

Plaintiff, Delton Augustine, Jr., sustained serious injuries in a vehicular accident that occurred on December 4, 2003. Plaintiff was a passenger in a 1996 Ford F-350 truck owned and driven by Paul Lewis d/b/a Paul Lewis Paving Contractor. Plaintiff was in the left rear seat of the truck when it was suddenly struck from behind by a 1999 Chevrolet Cavalier driven by Johnny Griffin.

Plaintiff filed suit against Griffin and his insurer, GEICO, for damages sustained in the accident. The limits of Griffin's GEICO policy was $10,000. Claiming his damages exceeded $10,000, Plaintiff asserted a claim against Republic Vanguard Insurance Company, seeking underinsured motorist benefits. Republic provided UM coverage for the Ford F-350 truck owned by Lewis. Republic's policy had liability limits of $1,000,000; however, the UM liability limits was $50,000.

Plaintiff filed a motion for partial summary judgment alleging the UM limits of the Republic policy should be equal to the limits of liability because the UM selection form, which indicated limits of $50,000, was invalid. The motion was denied. During discovery, Plaintiff's attorney determined that Republic failed to offer to its insureds UM coverage limits in the same amount as the liability limits of the policy as required by statute. Plaintiff's attorney filed a second motion for partial summary judgment seeking a declaration that Republic's policy of insurance provided

UM coverage in the amount of $1,000,000 rather than $50,000. At the hearing on the motion, the trial court found Republic's admitted practice of refusing to offer UM coverage in the same amount as the liability limits was contrary to Louisiana law. Louisiana Revised Statute 22:680 mandates that an insurer offer UM coverage in the same amount as the liability limits. That statute does provide for a party to *select* lower limits, but the insurer must *offer* the insured the option of obtaining UM coverage in an amount equal to the liability limits of the policy.

The trial court ruled Republic's violation of La.R.S. 22:680 prevented the insured from making a knowing and informed selection of UM coverage limits. Thus, the trial court voided the $50,000 UM selection form and held the Republic policy provided UM coverage of $1,000,000. Republic filed an application for supervisory writs with this court, which was denied. Republic then applied for writs to the Louisiana Supreme Court, which was denied as untimely.

Earlier in the proceedings, Republic filed a third party demand against M&C Insurance, Inc., the insurance agency that submitted the application for insurance on the Ford F-350, and its errors and omissions carrier, National Union Fire Insurance Company. The third party demand sought indemnification in the event it was determined M&C had done or failed to do something that caused Republic's policy to provide $1,000,000 UM coverage rather than $50,000. After the trial court ruled the Republic policy provided $1,000,000 UM coverage, M&C filed a motion for summary judgment on the grounds it did nothing to cause the Republic policy to provide $1,000,000 UM coverage. M&C contended the increase in UM coverage occurred solely because of Republic's refusal to comply with La.R.S. 22:680, and was not the result of any error or omission on M&C's part.

The trial court rendered a written judgment on December 29, 2005, granting

the motion for summary judgment filed by M&C and National Union and dismissed the third party demand filed by Republic. Notice of the signing of this judgment was mailed to the parties on January 4, 2006. For some reason, a second identical judgment was signed by the trial court on January 3, 2006. Notice of this judgment was mailed to the parties on January 4, 2006.

Republic filed a motion and order for a devolutive appeal on February 9, 2006 seeking to appeal the judgment signed on January 3, 2006. The trial court granted the motion for appeal on February 14, 2006. The plaintiff also filed a motion and order for a devolutive appeal on February 27, 2006 seeking to appeal the judgment signed on January 3, 2006. The trial court granted this motion for appeal on February 27, 2006. Neither Republic nor the plaintiff appealed the signed judgment of December 29, 2005.

M&C and National Union filed motions to dismiss the appeal in this court, alleging that the judgment sought to be appealed was null and void. They also argued the judgment of December 29, 2005 had become final and definitive and could not now be appealed. National Union also claimed plaintiff's appeal must be dismissed because he lacked standing to challenge the trial court's ruling dismissing the third-party demand to which he was not an aggrieved party. National Union noted that Plaintiff did not sue it or M&C, thus did not have any interest in the judgment that dismissed the third-party demand.

This court in an unpublished opinion rendered on July 5, 2006, *Augustine v. Griffin*, 06-568 (La.App. 3 Cir. 7/5/06), denied the motion to dismiss the appeal filed by Republic. However, the motion to dismiss the appeal filed by Plaintiff was granted. Thus, the appeal filed by Republic is the only appeal still before this court. Republic asserted the following lone assignment of error:

1. The trial court erred in granting the Motion for Summary Judgment prayed for by M&C Insurance, Inc. and National Union Fire Insurance Company of Pittsburgh, PA, as both motions for summary judgment were premature and granted based on a non-final ruling of this Court as to coverage of the Republic Vanguard policy.

## ANALYSIS

An appellate court reviews summary judgments *de novo* under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. *Lamoco, Inc. v. Hughes*, 02-1498 (La.App. 3 Cir. 7/9/03), 850 So.2d 67, *writ denied*, 03-2603 (12/12/03), 860 So.2d 1156. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art 966(B). A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. *Trent v. PPG Indus., Inc.*, 03-1068 (La.App. 3 Cir. 2/4/04), 865 So.2d 1041. Further, the summary judgment procedure is favored and is "designed to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(B).

At the hearing on Plaintiff's motion for partial summary judgment the trial court determined that Republic had violated public policy as set forth in La.R.S. 22:680, and that violation precluded the insureds (Paul and Joanne Lewis) from making a knowing and informed selection of UM limits on the Republic policy. Thus, the trial court found the UM selection form was null and void, and held the Republic policy provided $1,000,000 in UM coverage.

In response to this, M&C and National Union filed a motion for summary judgment seeking a dismissal of Republic's third-party demands against them. The trial court ruled, while Republic's insurance policy did provide $1,000,000 in UM

-4-

coverage, this fact was not caused by any error or omission by M&C, but rather from Republic's refusal to comply with La.R.S. 22:680, which requires an insurer to offer UM limits in the same amount as the liability limits. La.R.S. 22:680 specifically provides as follows:

> The following provisions shall govern the issuance of uninsured motorist coverage in this state:
>
> (1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subsection unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; . . .

At the hearing on the motion for summary judgment, counsel for Republic noted that M&C's motion for summary judgment was well founded. The following colloquy took place:

> BY MR. ADLEY [counsel for M&C]:
>
> You [the trial judge] recently ruled that the Republic Vanguard policy provides a $1,000,000.00 in coverage not $50,000.00 but you did that based on Republic's fault and not anything M and C did. . . . So the entire basis for bringing M and C into this is gone now. There's nothing M and C did or failed to do that increased Republic's exposure here. This was Republic's own fault for their refusal to follow Louisiana law.
>
>
> BY MR. SIEBENEICHER [counsel for Republic]:
>
> Your Honor, I will say as an officer of the Court, Mr. Adley's argument concerning the first issue based upon your ruling [that UM coverage was $1,000,000 based on Republic's fault and not anything M and C did], I think that that is probably a valid argument. . . . I would ask that this Court defer it's ruling concerning M and C's Motion for Summary Judgment until the Third Circuit or whatever Court that issue is finally disposed of . . .

Republic's counsel put forth no factual or legal argument against the granting of the summary judgment, but instead requested that the trial court defer its ruling. After hearing argument about the costs that would be incurred by M&C if the court deferred its ruling, the trial court rejected Republic's request to defer the ruling and granted the motion for summary judgment.

Republic argues on appeal that the grant of the partial summary judgment was premature. As it did below, Republic contends the trial court should have deferred ruling on that motion pending the resolution of Republic's challenge of the trial court's ruling that the Republic policy provides $1,000,000 in UM coverage rather than $50,000.

Louisiana Code of Civil Procedure article 966(A)(1) provides that a "defendant's motion [for summary judgment] may be made at any time." Finding M&C's and National Union's summary judgments were well founded, the trial court granted the motion to facilitate the just, speedy and inexpensive determination which the summary judgment procedure was designed to provide. Thus, the trial court's grant of the motion for summary judgment was in conformity with the dictates of La.Code Civ.P. art. 966.

Further, the amount of UM coverage afforded by the Republic policy is not at issue in the judgment that is currently being appealed. The issue was whether any act or omission on M&C's part required that it indemnify Republic for any increase in coverage limits. National Union notes that Republic's appeal rests on the notion that reversal of the earlier judgment on UM limits would also require a reversal of the judgment now being appealed. This notion is not sound. This Court is not being asked to review the amount of UM coverage afforded by Vanguard's policy; but is requested to review the trial court's rulings on the motions for summary judgment

filed by M&C and National Union.  The only issue is whether M&C and National Union owed indemnity to Republic because the UM limits had been increased.  That issue was properly decided by the trial court.

## DECREE

For the foregoing reasons, the judgment of the trial court granting is affirmed. All costs of this appeal are assessed against appellant, Republic Vanguard Insurance Company.

**AFFIRMED.**