LOMBARD, J.,
dissents and assigns reasons.
hi respectfully dissent from the majority opinion because in my view, the trial court’s judgment denying Murphy Oil’s Motion for Partial Summary Judgment was incorrect and should be reversed.
As stated by the majority, this matter was previously before our Court on an application for supervisory writ, wherein Murphy Oil requested review of the trial court’s judgment denying its Motion for Partial Summary Judgment on the basis that it was the statutory employer of Mr. Prejean at the time of his accident. After we denied the writ, the Louisiana Supreme Court remanded the matter back to us for briefing, oral argument, and opinion, Prejean v. Maintenance Enterprises, Inc., 08-1113 (La.9/19/08), 992 So.2d 970, resulting in our taking a second look at the issue.
After a thorough review of the contract at issue, the relevant facts, and the applicable law, in my opinion, Murphy Oil is entitled to summary judgment because: (1) the language contained in the Murphy Oil-MEI contract is sufficient to satisfy La. R.S. 23:1061, thus creating the presumption that Murphy Oil was the statutory employer of Mr. Prejean at the time of his accident, and (2) Mr. Prejean did not come forth with evidence to overcome this presumption by showing thatj2the work he was performing at the time of his accident was not an integral part of, or essential to, the ability of Murphy Oil to generate its goods, products, or services.
Although the majority has correctly set out the law on statutory employer, it has imposed an additional requirement under La. R.S. 23:1061 that the statutory employer be primarily liable for workers’ compensation benefits. The trial court made this same error and found that the wording of the contract wherein Murphy Oil was responsible to pay compensation “if the immediate employer ... is unable to meet their obligation under the worker’s [sic] compensation statute ...” was a substantial deviation from the statutory scheme because it “abrogated its responsibility to pay Mr. Prejean compensation.” According to the trial court, such an arrangement was “contrary to the plain requirement of the statute; a statutory employer must pay compensation.”
I disagree with the majority and with the trial court that this additional requirement exists under La. R.S. 23:1061. I find that the language of the subject Murphy Oil-MEI contract is sufficient to satisfy the requirements of La. R.S. 23:1061(A)(3). In my view, La. R.S. 23:1061 does not require that the principal employer be primarily liable for compensation, just that it be liable for compensation. Additionally, no case law requires that the principal employer be primarily liable for compensation, and similar contract language in other *778 cases upheld motions for summary judgment filed by the statutory employer.[1]
The holding of the Louisiana Supreme Court in Bowens v. General Motors Corp., 608 So.2d 999 (La.1992), also supports the position that the Murphy Oil-jMEL contract is sufficient to satisfy La. R.S. 23:1061. In Bowens, the Court found that the direct employer and statutory employer were solidarily liable for compensation. Thus, under La. R.S. 23:1061 or La. R.S. 23:1063, the employee is entitled to seek compensation from the principal contractor or his immediate employer, or both as he chooses. Id. at 1003; see also Ryan v. Blount, 40,845 (La.App. 2 Cir. 4/19/06), 927 So.2d 1242. The indemnity clause, however, has the effect of finally imposing the loss upon the employee’s immediate employer. Id.
The Murphy Oil-MEI contract states in writing that Murphy Oil will be liable for compensation if the employee’s immediate employer is unable to meet its obligation under the Louisiana Workers’ Compensation statute. Thus, Mr. Prejean had recourse first against his employer, MEI, which did in fact pay him workers’ compensation benefits. However, had MEI not paid workers’ compensation benefits, the Murphy Oil-MEI contract plainly stated that Murphy Oil would pay the compensation benefits. Therefore, Mr. Prejean had a contractual agreement with both his employer, MEI, and his statutory employer, Murphy Oil, that compensation benefits would be paid to him in the event he was injured. The only effect of Murphy Oil specifying that it would be liable to pay compensation benefits “if ... the immediate employer ... is unable to meet their obligation ...” was to clarify that the immediate employer was primarily liable and Murphy Oil was secondarily liable. This arrangement is consistent with the well established principle that direct employers and statutory employers are solidarily liable for workers’ compensation benefits. Because Murphy Oh would have been liable to pay compensation benefits had MEI not paid them, Murphy Oh did not “deviate from the statutory scheme by abrogating its responsibility to pay Mr. Prejean’s |4compensation” as noted by trial court when it denied Murphy Oh’s Motion for Partial Summary Judgment.
Having found that the Murphy Oil-MEI written contract does not grant Murphy Oil statutory employer status, the trial court, and the majority opinion, do not address the second prong of the statutory employer analysis — the issue of whether Mr. Prejean overcame the presumption by showing that the work was not an integral part of or essential to the abhity of the principal, Murphy Oh, to generate its goods, products, or services. Because I find that the contract at issue does create the presumption of a statutory employer relationship, I will address whether the evidence brought forth by Mr. Prejean was sufficient to overcome the presumption.
Mr. Prejean argues that he can overcome the presumption because the work that he was performing at the time of his accident was unusual and non-recurring reconstruction work on the ROSE Unit after it had been destroyed by fire. Mr. *779 Prejean argues that this kind of specialized repair-work was not part of Murphy Oil’s “trade, business, or occupation,” since Murphy Oil is not in the business of rebuilding burned out industrial units. In the alternative, Mr. Prejean argues that if this Court finds that the work that Mr. Prejean was performing may possibly be considered an integral part of Murphy Oil’s trade, business, or occupation, then summary judgment is still not appropriate in this case because “the factual dispute surrounding these contentions remains a material and ongoing dispute ...”
Contrary to Mr. Prejean’s contention otherwise, in this case, the material facts underlying the legal determination of whether Murphy Oil was Mr. Prejean’s statutory employer are not in dispute. MEI was hired to perform reconstruction work at the Meraux refinery on a unit that had burned out by fire. Mr. Prejean was an employee of MEI and was assigned to perform work on Murphy’s ROSE Unit. |fiOn the day of the accident, Mr. Prejean was working on Exchanger 108D, which was leaking. Specifically, he was tightening a plug at the rear of the exchanger in an effort to stop the leak. Using an 18-inch pipe wrench, Mr. Prejean made a]4 clockwise turn of the plug at which time more water began to leak out. He immediately turned the plug clockwise again at which time the plug blew out of the exchanger nozzle. Either the plug or the wrench stuck Mr. Prejean in the head causing injuries. The location of the accident was within the area defined by the Murphy Oil-MEI contract for reconstructing the ROSE Unit and the work Mr. Prejean was performing at the time of his accident was pursuant to the contract.
Despite Mr. Prejean’s argument that the work he was performing was unusual since it was non-recurring and not in Murphy’s regular trade or business, the fact that this was a reconstruction project is of no moment. Several Louisiana courts have held that reconstruction projects such as the one undertaken by MEI were essential to the ability of the refinery to generate its goods, products or services. In Applegarth v. Transamerican Ref. Carp., 00-1547 (La.App. 5 Cir. 2/28/01), 781 So.2d 804, for example, a contractor’s work in refurbishing a refinery by constructing a retaining wall around the oil tanks and laying cement forms for the installation of pipe racks to transport oil and other products through the refinery was essential to the ability of the refinery to generate its goods, products, or services. Additionally, in Trent v. PPG Indus., Inc., 03-1068 (La. App. 3 Cir. 2/4/04), 865 So.2d 1041, the court held the construction of the foundation and structural steel for a pipeline was essential to the ability of the project owner to generate its goods, products, or services, such that the project owner was the statutory employer of the construction worker.
The cases that Mr. Prejean cites, which held that non-recurring repairs or extraordinary work are outside the protection of statutory employer laws, pre-date |fithe 1997 amendment, which was designed to overrule the governing Louisiana Supreme Court standards previously employed and to expand the applicability of the statutory employer provision. Mr. Prejean has not cited any decisions under the current version of the statute that would support his contention, and there is nothing in the statutory language to suggest that nonrecurring repairs at issue are different from other forms of maintenance work.
Moreover, in recent years, courts have found that work which may be ancillary to the statutory employer’s operations may nevertheless be essential to the ability of the statutory employer to generate its goods or services. In Jackson v. St. Paul *780 Insurance Company, 04-0026 (La.App. 1 Cir. 12/17/04), 897 So.2d 684, the first circuit noted, after reviewing the history of the statutory employer doctrine, that the legislature has “specifically rejected a restrictive analysis in favor of a more liberal interpretation of the words “integral” and “essential.” The Jackson court held that the plaintiff failed to rebut the presumption established by La. R.S. 2S:1061(A)(3), because he had not demonstrated that the construction of a new chemical plant was not necessary to Gulf Liquids’ ability to generate its products. More recently, in Ramos v. Tulane University of Louisiana, supra, 06-0487 (La.App. 4 Cir. 1/31/07), 951 So.2d 1267, this court applied the liberal interpretation of the statute and found that an electrical employee who was performing electrical work for renovation purposes in the university library was the statutory employee of the university on the basis that electricity is an integral part of the university’s ability to educate students.
Here, the work Mr. Prejean was performing when he was injured, repairing a leak in Exchanger 108D, was necessary for Murphy Oil to generate its oil product. Mr. Prejean has not shown that this work was not essential to Murphy Oil’s |7operations, and thus, has failed to rebut the presumption that he was the statutory employee of Murphy Oil at the time of his accident.
Given the intent of the 1997 legislative amendment that La. R.S. 23:1061 liberally grant statutory employer status to principal employers and subsequent case law which liberally granted statutory employer status, it is my position that Murphy Oil is entitled to summary judgment. The material facts underlying the legal determination of whether Murphy Oil was Mr. Preje-an’s statutory employer are not in dispute. Murphy Oil-MEI contract was in writing pursuant to La. R.S. 23:1061(A)(3) and Murphy Oil had the obligation of paying workers’ compensation benefits. Because principal employers and immediate employers are solidarily liable, it is irrelevant that Murphy Oil required that the immediate employer pay benefits first, rather than it pay the benefits and seek reimbursement from MEI. Moreover, Mr. Pre-jean failed to rebut the presumption of a statutory employer relationship by showing that the work he was performing at the time of the accident was not an integral part of or essential to the ability of the principal to generate its goods, products, or services. Accordingly, I would reverse the judgment of the trial court denying Murphy Oil’s Motion for Summary Judgment and remand the case to the trial court for further proceedings.
For all of the above reasons, I respectfully dissent.

. The contract language between the principal and direct employer Everett v. Rubicon, 04-1988, pp. 5-6 (La.App. 1 Cir. 6/14/06), 938 So.2d 1032, 1034-41, writ denied, 06-1785 (La. 10/13/06), 939 So.2d 369., stated that the principal was liable for compensation benefits "only if” the direct employer was unable to meet its obligation; and Smith v. Marathon Ashland Petroleum LLC, 04-517 (La.App. 5 Cir. 10/26/04), 887 So.2d 613, in which contract stated that the direct employer "shall be and remain at all times primarily responsible for the payment of WC benefits to its employees,” were both upheld by the trial courts when they granted the statutory employer's motion for summary judgment.