NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-888

VERSEY VASSEUR

VERSUS

PIGGLY WIGGLY STORES, INC., ET AL.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 82572, DIVISION K
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********
ULYSSES GENE THIBODEAUX
CHIEF JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED.

Guy Olden Mitchell, III
225 Court Street
Ville Platte, LA 70586-4492
Telephone: (337) 363-0400
COUNSEL FOR:
        Plaintiff/Appellant - Versey Vasseur

Philip Stephen Aucoin, Jr.
400 East Kaliste Saloom Road - Suite 8300
Lafayette, LA 70508
Telephone: (337) 291-1743
COUNSEL FOR:
        Defendants/Appellees - Allstate Insurance Company and Kelly's
        Grocery & Market, Inc., d/b/a Piggly Wiggly (formerly d/b/a Kelly's
        IGA Supermarket)

**THIBODEAUX, Chief Judge.**

In this trip and fall case, the plaintiff, Mrs. Versey Vasseur (Mrs. Vasseur), appeals the district court judgment granting a motion for summary judgment in favor of the defendants, Kelly's Grocery & Market, Inc., d/b/a Piggly Wiggly Stores, Inc. (Piggly Wiggly) and Allstate Insurance Company, its liability insurer. Mrs. Vasseur alleges that the district court judge erred in granting summary judgment because it was prematurely granted and clear questions of material fact existed.

For the following, reasons we affirm the judgment of the district court.

I.

**ISSUES**

We shall consider whether the district court judge erred in granting defendants' motion for summary judgment.

II.

**FACTS**

On December 4, 2003, the plaintiff, Mrs. Vasseur, went to the Piggly Wiggly store located in Church Point, Louisiana to purchase groceries. As she was approaching the store entrance, she tripped and fell over one of the cement blocks placed in front of the store, which are used to indicate the stopping point for vehicles parked in the lot. As a result of her fall, Mrs. Vasseur injured one of her knees and underwent surgery to correct it.

Mrs. Vasseur's lawsuit alleged that the accident and resulting injuries were caused solely and proximately by the gross negligence of Piggly Wiggly. More specifically, Mrs. Vasseur averred that Piggly Wiggly was negligent because it: 1) failed to place appropriately-sized cement blocks indicating the stopping point of a

vehicle in the parking lot; 2) failed to provide proper warning indicating the height of the cement blocks; and, 3) failed to provide proper safeguards and procedures for preventing trip and fall accidents.

Mrs. Vasseur admitted having gone to the same Piggly Wiggly store where the accident occurred at least twice a month for the past three-and-one-half years to purchase groceries. Because she does not know how to drive, her husband usually takes her to the store and always parks in the handicapped designated parking spaces. However, on the day Mrs. Vasseur suffered the accident, a friend of hers rather than her husband took her to the store. Mrs. Vasseur's friend did not park in the handicapped area. Instead, she parked in front of the store, an area with which, according to Mrs. Vasseur, she was not acquainted.

As Mrs. Vasseur was walking towards the entrance of the store, she did not notice one of the blocks placed on the ground and "tripped, then fell." Mrs. Vasseur acknowledged that she "should have walked with her head down," but failed to do so. She was asked whether the blocks were being obstructed by any object such as weeds or other plants, or whether there was something from the store that distracted her from watching where she was going. She responded in the negative to both questions. She observed that the blocks were painted yellow.

Piggly Wiggly filed a motion for summary judgment wherein it contended that there were no genuine issues of material fact regarding its negligence. In support thereof, Piggly Wiggly submitted Mrs. Vasseur's deposition testimony. Mrs. Vasseur opposed the motion based primarily upon prematurity grounds. Mrs. Vasseur maintained that at the time the motion was granted, neither a trial date nor a discovery deadline had been set, no expert witness had been hired, and the only depositions taken were those of Mrs. Vasseur and some witnesses. She also alleged

2

that the motion should not have been granted because there were "clear questions of fact in this case." At the conclusion of the hearing, the district court judge found that there were no genuine issues of material fact and granted Piggly Wiggly's motion.

III.

## LAW AND DISCUSSION

### Standard of Review

The standard of review applicable to summary judgment proceedings is *de novo* review. Appellate courts review the district court's grant of a motion for summary judgment by "viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant." *Hines v. Garrett*, 04-806, pp. 1-2 (La. 6/25/04), 876 So.2d 764, 765. In doing so, appellate courts are guided by the same criteria that govern the district court's consideration of whether the summary judgment is appropriate. *Hutchinson v. Knights of Columbus*, 03-1533 (La. 2/20/04), 866 So.2d 228. Therefore, we will review the record in its entirety to determine whether the district court correctly granted Piggly Wiggly's motion for summary judgment.

### A.

### Did the District Court Err in Granting Piggly Wiggly's Motion for Summary Judgment?

"A motion for summary judgment is a procedural device used to avoid a full-scale trial where there is no genuine factual dispute." *Trent v. PPG Indus., Inc.*, 03-1068, p. 5 (La.App. 3 Cir. 2/4/04), 865 So.2d 1041, 1046 (*citing Sanders v. Ashland Oil, Inc.*, 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, *writ denied*, 97-1911 (La. 10/31/97), 703 So.2d 29). The procedure of summary judgment is favored, as it is designed to secure the "just, speedy and inexpensive determination

of every action," and "shall be construed to accomplish these ends." La.Code Civ.P. art. 966 (A)(2); *Babin v. Winn-Dixie Louisiana, Inc.*, 00-78 (La. 6/30/00), 764 So.2d 37.

A trial court may properly grant a motion for summary judgment when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966 (B); *Evans v. Auto. Cas. Ins. Co.*, 94-129 (La. App. 3 Cir. 10/5/94), 643 So.2d 389, *writ denied*, 94-2732 (La. 1/6/95), 648 So.2d 930. A genuine issue is a triable issue, and a fact is material when its existence or nonexistence may be indispensable to the plaintiff's cause of action under the applicable theory of recovery. *Hayes v. Autin,* 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-0281 (La. 3/14/97), 690 So.2d 41. Furthermore, "facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Id.* at 694 (citations omitted). Accordingly, the determination of whether a particular fact in dispute is material can only be assessed in light of the substantive law applicable to the case at hand. *Coleman v. Wal-Mart Stores, Inc.*, 98-124 (La.App. 1 Cir. 11/6/98), 721 So.2d 1068.

> The burden of proof rests upon the movant party who will have to show that no genuine issue of material fact exists. . . . [O]nce the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.

*Hayes*, 685 So.2d at 694.

In this case, Mrs. Vasseur's petition is unclear as to the theory of liability that is being invoked. We are left to wonder whether it is a claim predicated under La.R.S. 9: 2800.6(A)(B)[1], or whether it is a claim based on premises liability pursuant to La.Civ.Code art. 2317.1.[2] It is unnecessary for us to determine the specific theory of liability based on the factual allegations in the petition because, under either scenario, the proof submitted was insufficient to sustain Mrs. Vasseur's burden of going forward with her case.

At the hearing on the motion for summary judgment, Piggly Wiggly made a prima facie showing that the motion should have been granted. It showed that Mrs. Vasseur had gone to the store on multiple occasions prior to her accident, making her aware of the store's surroundings. Moreover, at Mrs. Vasseur's

---

[1]**§ 2800.6. Burden of proof in claims against merchants**

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

[2]**Art. 2317.1. Damage caused by ruin, vice, or defect in things**

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

deposition, she conceded that the surroundings had not changed and looked the same on the day she suffered the accident. Likewise, Piggly Wiggly argued, the fact the blocks were long, large, high, and painted yellow made the blocks an open and obvious condition, which was equally observable to Mrs. Vasseur as well as to Piggly Wiggly. In support of this defense, it cited *Ardoin v. Lewisburg Water System*, 07-180, p. 2 (La.App. 3 Cir. 7/18/07), 963 So.2d 1049, 1051, wherein this court stated that:

> defendants may have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff . . . . A landowner is not liable for an injury that results from a condition that should have been observed by the individual in the exercise of reasonable care or was as obvious to a visitor as it was to the landowner.

Thus, once Piggly Wiggly met its burden of proof, the burden shifted to Mrs. Vasseur to present evidence demonstrating that material factual issues remained; however, she was unable to present any evidence. At the hearing, Mrs. Vasseur argued that the reason why she failed to come forth with any such evidence was because she did not have enough time to complete her discovery.

On appeal, Mrs. Vasseur asserts the same argument and, in support thereof, cites La.Code Civ.P. art. 966 (C)(1), which states:

> After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.

In our view, this argument lacks merit. The legal proposition cited by Mrs. Vasseur is misplaced and does not govern the disposition of this case. Accordingly, we analyze this case under *Mouton v. Sears Roebuck and Co.*, 99-669

La.App. 3 Cir. 11/3/99), 748 So.2d 61, *writ denied*, 99-3386 (La. 2/4/00), 754 So.2d 232.

In *Mouton*, department store patrons sued the store, its liability insurer, and the escalator maintenance company, alleging that they were injured by a defective escalator while shopping. Upon the district court's grant of summary judgment in favor of the defendants, the plaintiffs appealed the judgment, stating that the district court judge abused his discretion in denying them a continuance. According to the plaintiffs' counsel, he had been recently retained by them after their first counsel withdrew from representation. The plaintiffs' newly retained counsel argued that a continuance was warranted because he had not gathered sufficient information to represent them adequately. This court rejected the argument and upheld the motion for summary judgment, finding that the district court judge did not abuse his discretion. We stated that "[w]e do not know exactly when [the plaintiffs] obtained the services of their present attorney. However, they had had the services of an attorney for over three years which was plenty of time to conduct discovery." *Mouton*, 748 So.2d at 64. Furthermore, this court explained that "[a]lthough the plaintiff should have a fair opportunity to present his claim, there is no absolute right to delay action on a motion for summary judgment until discovery is completed." *Id.* at 64 (citations omitted).

In this case, we find that the motion for summary judgment was not prematurely granted because Mrs. Vasseur had more than enough time to conduct discovery. Mrs. Vasseur was injured on December 4, 2003. On November 29, 2004, she filed her petition, and over two years thereafter, on January 25, 2007, Piggly Wiggly moved for summary judgment. This lapse of more than two years between proceedings provided Mrs. Vasseur with ample time to conduct discovery. Moreover,

7

at the hearing on the motion for summary judgment, Mrs. Vasseur's counsel conceded that "the deadlines crept up on [him]," thus admitting, albeit indirectly, that the delay in the discovery proceedings was solely due to his own inaction.

Even though we feel sympathetic towards Mrs. Vasseur for her injury, sympathy is not the standard by which courts judge disputes between parties. Undoubtedly, parties should be afforded time to conduct an adequate discovery, but there is not an indefinite time in which to conduct such discovery. Thus, we conclude that Mrs. Vasseur had a fair opportunity to present her case, in light of the fact that she had over two years to conduct discovery. Consequently, the district judge was under no obligation to delay the action on the motion for summary judgment until Mrs. Vasseur's discovery was completed.

## IV.

## CONCLUSION

For the foregoing reasons, we affirm the summary judgment in favor of the defendants, Kelly's Grocery & Market, Inc., d/b/a Piggly Wiggly Stores, Inc., and its insurer, Allstate Insurance Company. All costs of appeal are assessed to the plaintiff, Versey Vasseur.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.