725 So.2d 549 (1998)
J. CALDARERA & COMPANY
v.
LOUISIANA STADIUM AND EXPOSITION DISTRICT.
No. 98-CA-294
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1998.
*550 Jack M. Capella, Metairie, Louisiana, Attorney For Appellant.
Daniel A. Ranson, Michael D. Peytavin, Windhorst, Gaudry, Ranson, Higgins & Gremillion, Gretna, Louisiana, Attorney For Appellee.
Panel composed of SOL GOTHARD, JAMES L. CANNELLA, JJ., and THOMAS C. WICKER, Jr., J. Pro Tem.
CANNELLA, Judge.
Defendant, Louisiana Stadium and Exposition District, appeals from a judgment in a contract dispute ordering the parties to submit to arbitration. Plaintiff is J. Caldarera & Co., Inc. We affirm.
Plaintiff and defendant entered into a contract for the construction of the Bayou Segnette Multiuse Facility Project located in Westwego, Louisiana. After several disputes arose between the parties, plaintiff sued on June 19, 1997 requesting arbitration under the contract. The suit was tried on September 4, 1997 and taken under advisement. On September 15, 1997, the trial judge ruled in favor of plaintiff and ordered the parties to proceed to arbitration.
On appeal, defendant contends that the trial judge erred in ordering arbitration because the arbitration section in the contract was deleted. In addition, it asserts that the trial judge further erred in ordering binding arbitration.
Defendant first argues that the arbitration provisions were removed when Art. 4.5, entitled ARBITRATION, was removed in its entirety. Although it admits that Art. 4.4.4, in the GENERAL CONDITIONS, RESOLUTION OF CLAIMS AND DISPUTES section, makes reference to arbitration, the fact that the entire arbitration section was deleted shows that defendant intended to remove the obligation to arbitrate and to have any disputes resolved in the district court.
Second, defendant contends that the arbitration, if any, should be non-binding since the arbitration provisions setting forth the procedures for arbitration were removed and thus, no method for selecting an arbitrator is provided in the contract. Defendant argues that because the contract no longer provides for the independent selection of the arbitrator, under R.S. 38:2217, the arbitration *551 should be non-binding. Defendant disagrees with the trial judge's conclusion that the Louisiana Arbitration Law would be applied to provide for the selection of the independent arbitrator that would satisfy the requirements of R.S. 38:2217 and cause the arbitration to be binding.
Plaintiff responds that, because the contract was provided by defendant and is non-negotiable, any doubt in its interpretation must be made in favor of plaintiff, citing La.C.C. art.2056. It contends that public policy favors arbitration and that any doubt as to whether a controversy is arbitrable should be resolved in favor of arbitration. Furthermore, plaintiff asserts that Section 4.4.4 specifically states that the architect's decision on disputes is subject to arbitration. It claims that the deleted Section 4.5 only sets out the various procedures to follow when arbitration was triggered. Plaintiff argues that only the specifics in which arbitration was to proceed was deleted, not the obligation to arbitrate.
In addition, plaintiff argues that arbitration should be binding on defendant because R.S. 38:2217 makes arbitration non-binding only when the method of arbitration selected in a contract does not provide for an independent arbitrator to be selected, such as, where both parties have equal authority in the selection of the arbitrator. In this case, plaintiff claims that by applying the Louisiana Arbitration Law, La.R.S. 9:4201 et seq., both parties have equal authority in the selection of the arbitrator. Plaintiff asserts that this application is not contrary to R.S. 38:2217. If the parties are unable to agree, they may apply to the trial court for appointment of an arbitrator. Thus, the legislative purpose of R.S. 38:2217 is served in that either party is prevented from appointing a non-independent arbitrator to hear the dispute.
Our law reflects a strong legislative policy that favors arbitration. See: La.R.S. 9:4201 et seq. Both federal and state jurisprudence dictates that any doubt as to whether a controversy is arbitrable should be resolved in favor of arbitration. Russellville Steel Co., Inc. v. A & R Excavating, Inc., 624 So.2d 11, 14 (La.App. 5th Cir.1993); Firmin v. Garber, 353 So.2d 975 (La.1977); Woodson Const. Co. v. R.L. Abshire Const., 459 So.2d 566 (La.App. 3rd Cir.1984). Notwithstanding the strong presumption in favor of arbitration, the arbitration clause which is sought to be enforced must have a "reasonably clear and ascertainable meaning" in order to enforce arbitration. Kosmala v. Paul, 569 So.2d 158, 162 (La.App. 1st Cir.1990).
The Louisiana Civil Code provides that the interpretation of a contract is the determination of the common intent of the parties. La. C.C. art.2045. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La. C.C. art.2050. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art.2046; Ochsner Clinic v. Maxicare Louisiana, Inc., 95-CA-959 (La.App. 5th Cir. 3/26/96), 672 So.2d 979, 981. However, a doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties. La. C.C. art.2053. In addition, a provision in a contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party. La. C.C. art. 2056.
"When the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed ..." parol evidence is admissible to clarify the ambiguity and show the intention of the parties. Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087, 1089 (La. 1981); Security Center Protection Services, Inc. v. Lafayette Sec. & Electronic Systems, Inc., 95-CA-693 (La.App. 5th Cir. 1/17/96), 668 So.2d 1156, 1159-1160; Peyton Place, Condominium Ass'n, Inc. v. Guastella, 95-396 (La.App. 5th Cir.1/17/96), 668 So.2d 1174, 1178. These principles "govern the question of who is bound by an arbitration agreement, *552 and a party cannot be required to submit to arbitration any dispute that he has not agreed to submit." Ciaccio v. Cazayoux, 519 So.2d 799, 804 (La.App. 1st Cir.1987); Woodrow Wilson Const. Co., Inc. v. MMR-Radon Constructors, Inc, 93 2346, (La.App. 1st Cir. 4/8/94), 635 So.2d 758, 759.
In this case, the entire section in the contract entitled "ARBITRATION" was deleted. However, the preceding paragraph (4.4.4.), which is contained within the section entitled RESOLUTION OF CLAIMS AND DISPUTES, states that:
If a claim has not been resolved after consideration of the foregoing and of further evidence presented by the parties or requested by the Architect, the Architect will notify the parties in writing that the Architect's decision will be made within seven days, which decision shall be final and binding on the parties but subject to arbitration.

We find that the contract is ambiguous in regard to arbitration. The section entitled ARBITRATION, No. 4.5, was struck out, but paragraph 4.4.4.was not. Although the wording of the clauses is clear, the elimination of 4.5 without also striking 4.4.4., raises a question as to whether the parties intended the controversy to be arbitrable.
In the hearing held on the issue, the only evidence presented was the contract, the supplemental contract and the general conditions of the contract. No testimony or other parole evidence was introduced to indicate the intent of the parties. In light of the Louisiana Civil Code requirements for the interpretation of contracts, the legislative policy favoring arbitration, the failure of defendant to prove that the parties' intent was to delete arbitration and the presence of arbitration in paragraph 4.4.4, we find that the trial judge did not err in ordering arbitration.
Defendant next argues that the trial judge erred in applying the Louisiana Arbitration Law to these facts for the selection of an arbitrator since the contract did not provide for one. We find no error in this regard.
La. R.S. 9:4204 provides:
If, in the agreement, provision is made for a method of naming or appointing an arbitrator or arbitrators or an umpire, this method shall be followed. If no method is provided or if a method is provided and a party thereto fails to avail himself of the method or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or an umpire, or in filling a vacancy, then, upon the application of either party to the controversy, the court aforesaid or the court in and for the parish in which the arbitration is to be held shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the agreement with the same force and effect as if he or they had been specifically named therein. Unless otherwise provided in the agreement, the arbitration shall be by a single arbitrator.
La. R.S. 38:2217 states:
In all public building, construction or other contracts which do not provide the right to independent arbitration with both parties having equal authority in selection of the arbitrator or arbitrators, the right of each party to such contract to judicial review of and redress for any action, determination or interpretation made under or with respect to such contract shall not be denied. In any such judicial action, no prior nonjudicial decision, determination or interpretation shall have any binding or conclusive or presumptive effect, nor shall there be any limitation upon the evidence which may be introduced in such action except the limitations arising out of the application of the rules of evidence applicable in courts of this state. The provisions of this Section may not be waived.
The statute permits the trial court to designate an arbitrator, if no method is provided in the contract. In this case, the contract does not provide for the selection of an arbitrator because that section was deleted. Although the trial judge ordered the parties to proceed to arbitration without appointing an arbitrator, the judgment permits the parties to select an independent arbitrator. We find that this is not contrary to either R.S. *553 38:2217 or R.S. 9:4204. If the parties cannot agree, either can apply to the trial court for an appointment of an arbitrator by the trial judge. In either case, agreement between the parties or appointment by the trial court, an independent arbitrator will be selected, thus allowing binding arbitration.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs of this appeal are to be paid by defendant.
AFFIRMED.