GREG G. GUIDRY, Judge.
 

 |2The Defendants, Rimkus Consulting Group, Inc. and Rimkus Consulting Group, Inc. of Louisiana, appeals a judgment denying their motion for a preliminary and permanent injunction in a case involving employment agreements containing non-competition and non-solicitation of customers and employees clauses (the agreements.) We affirm.
 

 The Plaintiffs, Gary Bell, Nick Cammar-ata, and Mike DeHarde, worked for the Defendants as forensic engineers. As part of their employment, the Plaintiffs signed the agreements at issue here.
 

 In the fall of 2006, the Plaintiffs resigned from their positions and within a month or so formed a competitor company, U.S. Forensic, L.L.C.
 
 [1]
 

 Shortly after, on November 15, 2006, the Plaintiffs filed an action for Declaratory Judgment asking the court to invalidate the agreements. In response, the Defendant filed a petition for a temporary restraining order (TRO) [ ¡¡and/or injunction on the basis that one of the Plaintiffs, DeHarde, was actively violating the agreement. The Defendants also filed a recon-ventional demand for damages from the alleged breach of the contract.
 

 An injunction was granted regarding DeHarde, but not against Bell and Cam-marata who subsequently filed motions for partial summary judgment alleging that their agreements, although similar to the one DeHarde signed, differed in certain respects, and were invalid.
 

 Following a hearing on the Plaintiffs’ motions for partial summary judgment, the trial judge ruled in favor of the Plaintiffs, finding that, under La.R.S. 28:921, the non-compete and non-solicitation of
 
 customer
 
 clauses of the contracts are invalid and unenforceable. The trial court further certified the judgment as final, pursuant to La. C.C.P. art. 1915 B(l). In August of 2007, the Defendants appealed that ruling, which we affirmed.
 
 [2]
 

 In December of 2007, the Louisiana Defendant filed a Petition for Preliminary and Permanent Injunction alleging that
 
 *67
 
 Bell violated the non-solicitation of employees part of the agreement.
 

 In February of 2008, the trial judge denied the petition for injunction on the basis that the Defendant had failed to show irreparable harm as required for in-junctive relief. The trial judge also found that the provisions of the agreement related to non-solicitation of employees were ambiguous and unenforceable. The Defendants now appeal from that ruling.
 

 |4The Defendants assert that the trial judge abused his discretion in denying the petition for injunctive relief, and in finding they failed to show irreparable harm. They further assert that the ruling regarding the ambiguity of the contract clause was only dicta, and should not have been made part of the judgment.
 

 There is a strong public policy in Louisiana disfavoring non-competition agreements between employers and employees.
 
 SWAT 24 Shreveport Bossier, Inc. v. Bond,
 
 00-1695, p. 3 (La.6/29/01), 808 So.2d 294, 298;
 
 H2O Hair, Inc. v. Marquette,
 
 06-930, p. 13 (La.App. 5 Cir. 5/15/07), 960 So.2d 250, 258. This policy is based on the state’s desire to prevent an individual from contractually depriving himself of the ability to support himself and consequently becoming a public burden.
 
 SWAT 24,
 
 00-1695 at 3, 808 So.2d at 298;
 
 H2O Hair, Inc.,
 
 06-930 at 13, 960 So.2d at 258. Such agreements are in derogation of the common right, and must be strictly construed against the party seeking their enforcement.
 
 SWAT 24,
 
 00-1695 at 3, 808 So.2d at 298;
 
 H2O Hair, Inc.,
 
 06-930 at 14, 960 So.2d at 259.
 

 The Louisiana statute regulating non-compete agreements, La.R.S. 23:921, must also be strictly construed, since it is an exception to Louisiana public policy against such contracts.
 
 H2O Hair, Inc.,
 
 06-930 at 14, 960 So.2d at 259. See also,
 
 Kimball v. Anesthesia Specialists of Baton Rouge, Inc.,
 
 00-1954 (La.App. 1 Cir. 9/28/01), 809 So.2d 405, 411,
 
 writs denied,
 
 01-3316 (La.3/8/02), 811 So.2d 883, and 01-3355 (La.3/8/02), 811 So.2d 886.
 

 In general, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue.
 
 H2O Hair, Inc.,
 
 06-930 at 14, 960 So.2d at 259. To do so, he must present a prima facie showing that he will prevail on the merits, and thus, is entitled to the relief sought.
 
 Id.
 

 | BIn cases involving non-compete agreements, however, the showing of irreparable injury is not required if the employer proves the employee breached the agreement.
 
 H2O Hair, Inc.,
 
 06-930 at 14, 960 So.2d at 259;
 
 See Clear Channel Broadcasting, Inc. v. Brown,
 
 04-0133 (La.App. 4 Cir. 3/30/05), 901 So.2d 553, 557. See also, La.R.S. 23:921 H, formerly La. R.S. 23:921 G. In such cases, the court shall order injunctive relief.
 
 H2O Hair, Inc.,
 
 06-930 at 14, 960 So.2d at 259;
 
 Clear Channel Broadcasting, Inc.,
 
 04-0133 at -, 901 So.2d at 557.
 

 To determine whether the employer has met his burden of proof that the employee breached the non-compete or non-solicitation agreement, the courts must consider the validity and enforceability of the agreement.
 
 H2O Hair, Inc.,
 
 06-930 at 14, 960 So.2d at 259;
 
 SWAT 24,
 
 00-1695, 808 So.2d at 294. Even though La. R.S. 23:921 mandates the court to issue injunctive relief upon proof of the obligor’s failure to perform without having to prove irreparable injury, the employer must still establish that it is entitled to relief.
 
 H2O Hair, Inc.,
 
 06-930 at 15, 960 So.2d at 259. In the event that the actions sought to be enjoined pursuant to a non-compete agreement do not fall within the exception found
 
 *68
 
 in La.R.S. 23:921(C) or where the non-compete agreement is unenforceable for failure to conform to the statute, the employer cannot establish that it is entitled to the relief sought.
 
 Id.
 

 The trial judge has considerable discretion in determining whether an injunction should issue.
 
 H2O Hair, Inc.,
 
 06-930 at 15, 960 So.2d at 259.
 

 In addition to the law cited above, the agreement here contains in Paragraph 11 a provision that unambiguously provides that a breach of the agreement is to be considered irreparable harm, that the Defendants would then be entitled to injunc-tive relief without the proof of actual damages or a bond, and that the | (¡injunction relief is in addition to the Defendants’ other remedies. The Defendants note that the injunction against DeHarde was based on this provision.
 

 VALIDITY OF THE AGREEMENTS
 

 As previously stated, the issue of validity of the contract and the alleged breach must be ruled on prior to determining irreparable injury in cases involving non-competition and non-solicitation of employees or customers clauses. If the breach is proven, then the moving party is relieved of the obligation to show irreparable injury. H
 
 2O Hair, Inc.,
 
 06-930 at 14, 960 So.2d at 259. If not proven, the irreparable injury issue arises.
 
 Id.
 

 The pertinent provisions of Bell’s contract state:
 

 8. Covenant Not to Compete.
 

 b. Employee agrees that after termination of employment with the Company, he will not, directly or indirectly, solicit, employ or in any other fashion, hire persons who are, or were, employees, officers or agents of the Company, until such person has terminated his employment with the Company for a period of eighteen (18) months;
 

 The paragraph on injunctive relief states:
 

 Injunctive Relief. Employee acknowledges and agrees that breach of the covenants and agreements contained in paragraphs 8 and 9 of this Agreement shall cause immediate and irreparable damage to the Company and that the Company’s remedy at law for any such breach would be inadequate. Employee agrees that the Company shall be entitled to have temporary or permanent injunctive relief without the necessity of proof or actual damage or bond. Such injunctive relief shall not be exclusive, but shall be in addition to any other rights or remedies the Company shall be entitled to, including, but not limited to, recovery of costs and expenses such as reasonable attorneys’ fees incurred by reason of any such breach and cancellation of any unpaid salary or reimbursements outstanding at time of termination.
 

 In his oral comments at trial, the trial judge stated that he thought that the provision for employee solicitation was ambiguous and unreasonable because ten years down the line, another employee that ends his employment with the 17Defendants could not be hired for 18 months following the employee’s termination. He believed that to be unreasonable under the strict construction given these types of contracts. Although he did not grant the declaratory judgment regarding this provision, we must address it in light of the above jurisprudence.
 
 [3]
 

 
 *69
 
 We agree with the trial judge that the provision is unenforceable. We do not find it ambiguous, but against public policy. The non-solicitation of employee clause
 
 specifically
 
 states that Bell is prohibited from hiring the Defendant’s employees or ex-employees for 18 months
 
 from the date that the employee ends his employment with the
 
 Defendants. It states: “until
 
 such person
 
 has terminated his employment with the Company for a period of eighteen months.”
 

 Although we agree with the Defendants that non-solicitation of employees clauses are not specifically covered by the Louisiana non-competition statute, by analogy to the law interpreting that statute, and under general contract rules, the provision is against public policy as it is written. It is absolutely unreasonable to prohibit Bell forever from soliciting or hiring the Defendants’ employee or ex-employee for 18 months. Without a reasonable time limit on that prohibition as it relates to Bell’s actions in soliciting the employees, we hold that the provision is invalid and not enforceable.
 
 [4]
 
 As a result, Bell did not breach the non-solicitation of the Defendants ex-employees agreement.
 

 Even if the clause is enforceable, it does not apply to Bell under the definition of the words in the clause.
 

 |8An employee is:
 

 A person usually below the executive level who is hired by another to perform a service esp. for wages or salary and is under the other’s control — see also RE-SPONDEAT SUPERIOR — compare INDEPENDENT CONTRACTOR
 

 NOTE: In determining whether an individual is an employee, courts look at several factors, including the nature of the compensation paid, provision for employee benefits, whether the hired party is in business, tax treatment of the hired party, source of the equipment used, and location of the work. Statutes, such as workers’ compensation acts and labor laws, usually include a definition of employee as it is used in the statute.
 

 Merriam-Webster’s Dictionary of Law, © 1996 Merriam-Webster, Inc.
 

 To hire someone means “to engage the personal services of for a set sum ...”
 
 Id.
 
 In addition, the definition of solicit is “to make petition to ...” Merriam-Webster’s Dictionary of Law, © 1996 Merriam-Webster, Inc.
 

 None of these words or concepts are relevant to Bell because the other two Plaintiffs involved in the new business are not employees or hired to work for the company. They helped form the new business, an L.L.C., and, in the absence of evidence to the contrary, are co-owners or shareholders.
 

 Thus, in any event, Bell did not breach the contract relative to Cammarata and DeHarde.
 

 IRREPARABLE HARM
 

 The Defendants claim that Paragraph 11 relieves them of proving irreparable injury following a breach. Since we find that Bell did not breach the contract, Paragraph 11 does not apply. Thus, the Defendants were obligated to prove irreparable harm in order to obtain the injunction.
 

 
 *70
 
 The Defendants contend that they showed irreparable harm, aside from their claim for money damages in the reconven-tional demands. In response, the Plaintiffs contend that the reconventional demand bars the Defendants from | obtaining an injunction since the alleged harm caused by the alleged breach of the agreements can be satisfied by a money judgment.
 

 The irreparable harm asserted by the Defendants is the loss of personnel that they claim are irreplaceable. The Defendants argue that they employ mechanical, civil, electrical, and chemical engineers, and that within these categories, each engineer is unique, with qualities and expertise that cannot be replaced. The Defendants contend that money damages cannot compensate for the loss of these engineers because of their uniqueness.
 

 We are not persuaded by the Defendants’ argument. Money damages can certainly compensate the Defendants for the loss of personnel. Those employees are free to terminate their employment regardless of their importance to the Defendants, and regardless of the actions of Bell. Thus, we find that the trial judge did not err in finding that the Defendants failed to prove irreparable injury, and in denying the petition for the injunction against Bell.
 

 Accordingly, the judgment of the trial court is hereby affirmed.
 

 Costs of the appeal are to be paid by the Defendants.
 

 AFFIRMED.
 

 [1]
 

 . October 5, 2006.
 

 [2]
 

 . In March of 2008, we affirmed the July 2007 ruling granting the Plaintiffs’ motion for partial summary judgment that had declared the non-compete clauses and the non-solicitation of customer clauses of the contracts invalid. See,
 
 Bell v. Rimkus Consulting Group, Inc. of Louisiana,
 
 07-996, p. 12 (La.App. 5 Cir. 3/28/08), 983 So.2d 927, 934, writs denied, 08-0891 (La.6/20/08), 983 So.2d 1276.
 

 In a separate writ disposition,
 
 Bell v. Rimkus Consulting Group, Inc. of Louisiana
 
 07-906 (La.App. 5 Cir. 11/14/07), we found the 2005 stock purchase clause invalid. That too, was affirmed by the Louisiana Supreme Court. See,
 
 Bell v. Rimkus Consulting Group, Inc. of Louisiana,
 
 08-0456 (La.04/18/08), 978 So.2d 352.
 

 [3]
 

 . The Defendants contend that the trial judge ruled in dicta that the employee solicitation clause was ambiguous and unreasonable, and that the judgment included that decision. We find, however, that the trial judge stated he was not making that determination at that
 
 *69
 
 time, and it is not specifically stated in the judgment. The judgment only denies the injunction. Nevertheless, it is an issue in light of the requirements of H20 and the cited cases.
 

 [4]
 

 . In light of this finding, we need not address the Plaintiff’s arguments related to ambiguity of the words on the basis that they are not hired “employees” of the new business, but owners.